**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven A. Gonzalez, an individual, | No. CV 08-2391-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Arizona Department of Health Services, Division of Behavioral Health Services; Community Partnership of Southern Arizona; Cope Behavioral Services, Inc.; Margery Sheridan, an individual; Adam Opbroek, an individual. | |
| Defendants. | |

Hector Gonzalez, father of Plaintiff, initiated this proceeding by filing motions to litigate on his son's behalf and to proceed *in forma pauperis*, and has lodged a complaint. Dkt. ##1, 3, 4. The Court will deny the motion to litigate on Plaintiff's behalf without prejudice, and deny the motion to proceed *in forma pauperis* without prejudice.

**I.     Denial of the motion to proceed on Plaintiff's behalf.**

"A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. Once commenced, "[a]n action must be prosecuted in the name of the real party in interest," meaning that the person appearing before the court must have a cause of action. FED. R. CIV. P. 17(a)(1) (providing an exception for legal guardians, inter alia). While parties may prosecute their own cases personally or by counsel, a non-attorney has no authority to appear on behalf of others. *See* 28 U.S.C. § 1654; *C.E. Pope Equity Trust v. United States*,

818 F.2d 696, 697 (9th Cir. 1987). This rule applies to a family member. *See Johns v. San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (determining that a parent cannot appear *pro se* on behalf of his or her minor child); *D.K.* ex rel. *Kumetz-Coleman v. Huntington Beach Union High School Dist.*, 428 F. Supp.2d 1088, 1090 (C.D. Cal. 2006) (determining that even an appointed guardian ad litem may not represent a minor child without counsel), *interlocutory appeal dismissed*, 2009 WL 213056 (9th Cir. 2009).

Here, Hector Gonzalez presents a complaint and two motions in an effort to obtain court-appointed counsel and legal relief for his son, Steven Gonzalez, who Mr. Gonzalez states is mentally ill and confined to the Arizona State Hospital. *See* Dkt. ##1, 4, 3 at 1-2. Mr. Gonzalez asserts that Defendants wrongfully withheld medication and supervision from Steven. Dkt. #3 at 4. Mr. Gonzalez asks: "[h]ow does an [i]nsane, indigent, and illiterate person apply for his rights" under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution? Dkt. ##1 at 2; 3 at 2.

The Court is sympathetic to Mr. Gonzalez's concern for his son, but cannot consider the subject matter of the currently lodged complaint because he has not shown that he is licensed to practice before this Court or that he is Steven's guardian and has the assistance of counsel. *See* Dkt. #3 at 1, 5; *cf. Johns*, 114 F.3d at 877. The Court must dismiss Mr. Gonzalez's motion to file on his son's behalf (Dkt. #1) without prejudice.

The Court will, however, grant Mr. Gonzalez leave to amend. "An incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem,"[1] so long as that representative is assisted by counsel. FED. R. CIV. P. 17(c)(2); *cf. Johns*, 114 F.3d at 877. A person may gain standing to sue as a next friend to an incompetent person if he can both "(1) provide an adequate explanation, such as inaccessibility, mental incompetence, or other disability, why the real party in interest cannot appear on his own

---

[1] Courts have noted that, "[h]istorically, the 'next friend' has represented the incompetent as plaintiff, the guardian ad litem as defendant," but that there is no substantial difference between these designations. *von Bulow v. von Bulow*, 634 F. Supp. 1284, 1293 (S.D. N.Y. 1986); *see Dacanay v. Mendoza*, 573 F.2d 1075, 1076 n. 1 (9th Cir. 1978).

behalf to prosecute the action; and (2) be truly dedicated to the best interests of the person on whose behalf he or she seeks to litigate and have some significant relationship with the real party in interest." *Miller ex rel. Jones v. Stewart*, 231 F.3d 1248, 1251 (9th Cir. 2000). Thus, Mr. Gonzalez may proceed on Steven's behalf if he can show that (1) Steven is not currently represented by another person,[2] (2) Steven cannot appear on his own behalf, (3) Mr. Gonzalez has a significant relationship with Steven and is dedicated to Steven's best interests, and (4) Mr. Gonzalez will have assistance of counsel. *See* FED. R. CIV. P. 17(c)(2); *Miller*, 231 F.3d at 1251; *Johns*, 114 F.3d at 877; *Pope Equity Trust*, 818 F.2d at 697. Mr. Gonzalez may satisfy the fourth requirement by seeking the appointment of counsel from the Court.

**III.   Denial of the motion to proceed *in forma pauperis*.**

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees and costs or security therefor, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C.A. § 1915(a)(1). "The court *may* request an attorney to represent any person *unable to afford counsel*." *Id.* § 1915(e)(1) (emphasis added).

There is no constitutional right to appointed counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). Nevertheless, a district court may appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). "A finding of exceptional circumstances requires an evaluation

---

[2] If an incompetent ward is already represented by a guardian, the person moving for appointment as next friend must argue in good faith that the existing guardian has a conflict of interest that may interfere with representation of the ward. *See Aldeman v. Graves*, 747 F.2d 986, 988-89 (5th Cir. 1984) (determining that a mother's complaint on behalf of her incompetent son, taken at face value, showed that the son's existing general guardian would be unable to represent the son's interests effectively).

1  of both 'the likelihood of success on the merits and the ability of the petitioner to articulate
2  his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789
3  F.2d at 1331 (quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see Richards v.*
4  *Harper*, 864 F.2d 85, 87 (9th Cir. 1988).

5  As established above, Mr. Gonzalez does not presently have standing to appear on
6  Steven's behalf. The Court therefore must dismiss Mr. Gonzalez's motion to proceed *in*
7  *forma pauperis* (Dkt. #4) without prejudice. The Court notes, however, that if Mr. Gonzalez
8  can establish standing as Steven's next friend, Mr. Gonzalez can file a motion to proceed *in*
9  *forma pauperis* and to appoint counsel for himself as Steven's representative in this
10 proceeding.[3] As the affiant in that motion, however, Mr. Gonzalez will need to certify that
11 he is "unable to pay" the fees of this Court and "unable to afford counsel" to represent him
12 as Steven's next friend. 28 U.S.C.A. § 1915(a)(1), (e)(1).[4]

13 **IT IS ORDERED:**

14 1. Mr. Gonzalez's motion to proceed on behalf of Plaintiff (Dkt. #1) is **denied**
15    without prejudice.
16 2. Mr. Gonzalez shall have until **March 13, 2009** to file an amended motion.
17    The Clerk shall terminate this action without prejudice and without further
18    notice if Mr. Gonzalez fails to comply with this deadline.

---

[3] The Court reiterates that even if Mr. Gonzalez has standing as Steven's guardian or next friend, Mr. Gonzalez will need to hire his own attorney if the Court declines to appoint him one. *Johns*, 114 F.3d at 877.

[4] Courts are reluctant to appoint counsel for persons who could retain legal services independently because § 1915(e) is expressly directed to indigent parties. *See* 28 U.S.C.A. § 1915; *see, e.g.*, *Seltzer v. Missouri*, 517 F. Supp. 1253 (E.D. Mo. 1981) ("If this claim has merit, the plaintiff should probably be able to locate an attorney who would accept employment on a contingent fee basis."), *reversed and remanded on other grounds*, 675 F.2d 184 (8th Cir. 1982), *cert denied*, 464 U.S. 860 (1983).

4. Mr. Gonzalez's motion on behalf of Plaintiff to proceed in forma pauperis (Dkt. #4) is **denied** without prejudice.

DATED this 13th day of February, 2009.

_____
David G. Campbell
United States District Judge